**Not for Publication**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELLEN HEINE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 15-8210 (ES) (MAH) |
| v. | : | |
| | : | MEMORANDUM OPINION |
| DIRECTOR OF CODES AND STANDARDS, et al., | : | |
| | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on *pro se* Plaintiffs' motion for reconsideration (D.E. Nos. 80, 87 ("Pls. Mov. Br."))[1] of the Court's September 11, 2017 Opinion and Order (D.E. Nos. 78 & 79 (together the "Opinion and Order")) granting Defendants' motion to dismiss. Defendants opposed Plaintiffs' motion. (D.E. Nos. 95, 96, 97 & 98). Having considered the parties' submissions in support of and in opposition to the instant motion, the Court decides the motion without oral argument. *See* L. Civ. R. 78.1. For the reasons below, Plaintiffs' motion for reconsideration is DENIED.

***Legal Standard.*** In the District of New Jersey, Local Civil Rule 7.1 governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21, 2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration

---

[1] On September 22, 2017, Plaintiffs informed the Court of their intent to file a motion for reconsideration and requested an extension on their time to submit a brief in support of their motion. (D.E. No. 80). The Court granted Plaintiffs' request over Defendants' objections and extended Plaintiffs' time to file their brief until November 9, 2017. (D.E. No. 86). Plaintiffs' brief submitted via the Court's ECF system on November 10, 2017, however, appears to be incomplete. (*See* Pls. Mov. Br.). Specifically, Plaintiffs' brief appears to be missing pages four and five. (*See id.*). On December 1, 2017, this Court issued an order instructing Plaintiffs to submit the missing pages by December 5, 2017. (D.E. No. 93). To date, Plaintiffs have failed to submit the missing pages.

under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice. *Id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612-13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

*Analysis.* As the Court already summarized the factual background in its prior Opinion and Order, the Court incorporates those facts here. For the reasons below, the Court finds that Plaintiffs have failed to carry their burden under the standard set forth above.

*Change in the Law.* Plaintiffs have not suggested that there has been a change in the law since the Court's September 11, 2017 Opinion and Order. So, the first avenue under the standard is therefore not a grounds to reconsider this Court's prior ruling.

*New Evidence.* Plaintiffs appear to argue that new evidence has become available thereby warranting the extraordinary remedy of reconsideration. Although Plaintiffs refer to "additional information that has become available since the filing of the original complaint" and "continued discovery" that "provides empirical evidence of the policies and practices of the municipalities named in the litigation," Plaintiffs nowhere address what this purported new evidence actually is. (*See* Pls. Mov. Br. at 3, 10). Plaintiffs have attached to their motion a number of allegedly new

documents, comprising a notice of imminent hazard, a violation notice, an invoice, and a bulletin published by Defendant Department of Community Affairs. (Pls. Mov. Br. at 11-19). All of these documents, however, were generated in September 2013—two years before Plaintiffs filed their November 20, 2015 Complaint and four years before this Court's September 11, 2017 Opinion and Order. (*See id.*). And "if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached," the motion for reconsideration fails. *Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2009). Accordingly, Plaintiffs' arguments based on purported new evidence provide no grounds to modify this Court's prior ruling.

*Clear Error of Law and Manifest Injustice.* Liberally interpreted, Plaintiffs' motion appears to rest on the position that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Generally, this means that the Court overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i); s*ee also Rose v. Alternative Ins. Works, LLC*, No. 06-1818, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007).

Plaintiffs have failed to show a need to correct a clear error of law or to prevent manifest injustice. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. Rather, Plaintiffs' arguments are based on their personal disagreements with the Court's reasoning in its Opinion and Order. (*See generally* Pls. Mov. Br.). That, however, is not an appropriate basis for a motion for reconsideration, as such disagreements should be raised through the appellate process. *See Smart v. Aramark Inc.*, No. 14-3007, 2014 WL 4053961, at *6 (D.N.J. Aug. 15, 2015). For example, Plaintiffs take issue with, among other things, the Court's (i) application of the res judicata doctrine (Pls. Mov. Br. at 3); (ii) alternative grounds for dismissal of Plaintiffs' Complaint (*id.* at 3, 11); and (iii) futility analysis (*id.* at 3). But again, a motion for reconsideration is not an opportunity to

ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507.

Plaintiffs, therefore, have failed to proffer any change in law since the Court dismissed their Complaint, present any new evidence, or point to any error made on the part of the Court in its Opinion and Order. On the contrary, Plaintiffs rehash the same arguments that were previously considered—and rejected—by the Court. Accordingly, Plaintiffs' motion is denied.

*Conclusion.* For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**